UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMSIE DESHON WRIGHT,

       Movant,

                                                    File No. 1:07-CV-13

v.

                                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.
                                     /

## **OPINION**

This matter comes before the Court on Movant Amsie Deshon Wright's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I.

On September 2, 2005, Movant entered a plea of guilty pursuant to a written plea agreement to a two-count felony information charging one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(a)(2). On December 6, 2005, he was sentenced to a term of 180 months on Count 1 and 120 months on Count 2, to be served concurrently and concurrently with ongoing state incarceration. Movant did not appeal his conviction or sentence.

On December 29, 2006, Movant filed the instant § 2255 motion. In his motion, he argues that his attorney was ineffective in representing him at the plea and sentence and further ineffective in failing to file an appeal as directed.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the

-2-

issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period.  28 U.S.C. § 2255 ¶ 6.  The limitation period runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Judgment was entered in this case on December 7, 2005. The judgment became final on Wednesday, December 21, 2005, upon the expiration of the ten-day period for filing a notice of appeal. Movant had one year, until December 21, 2006, in which to timely file a motion under § 2255. The instant motion was filed on or about December 29, 2005,[1] at least eight days after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred.

The Court observes, however, that the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently,

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (extending rule to § 2255 motions). Petitioner dated his application on December 29, 2006, and it was received by the Court on January 5, 2007. Thus, it must have been handed to prison officials for mailing at some time between December 29, 2006 and January 5, 2007. For purposes of this case, the Court has given Movant the benefit of the earliest possible filing date.

and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Supreme Court has held that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before his petition is dismissed on statute of limitations grounds. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *see also Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).

In its answer to the motion, the Government has invoked the statute of limitations. The Government also discussed the doctrine of equitable tolling and placed Movant on notice of his burden to demonstrate entitlement to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (recognizing defendant's burden). Movant therefore has received ample notice that his motion may be dismissed on statute of limitations grounds.

Movant, however, has failed to respond to the Government's assertions that his motion is barred by the statute of limitations. He also has failed to identify any basis for equitable tolling. An attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *See Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003). Similarly, failing to monitor the status of an appeal and diligently pursue collateral relief does not justify equitable tolling. *Elliot v. Dewitt*, No. 00-3329, 2001 WL 523527, at * 1 (6th Cir. May 8, 2001). Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Brown v. United States*, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001) (unpublished case citing *United States v. Baker*, 197 F.3d 211,

218-19 (6th Cir. 1999) for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Here, Movant has articulated no basis for tolling the statute of limitations. He waited more than six months before inquiring about the status of his appeal. On June 23, 2006, after he allegedly learned no appeal had been filed, he filed a delayed appeal. On July 12, 2005, five months before expiration of the statute of limitations, the court of appeals notified Movant that, unless he could demonstrate that he had filed a notice of appeal or other document indicating an intent to appeal on or before January 20, 2006, his appeal would be dismissed as late. The appeal ultimately was dismissed as untimely on September 18, 2006, three months before the expiration of his statute of limitations. Movant has failed entirely to identify any extraordinary circumstance that stood in the way of his filing a § 2255 motion. *See Pace*, 544 U.S. at 418-19. He also has failed to demonstrate the necessary diligence required by the *Pace* court. *Id.* Movant therefore has failed to demonstrate entitlement to equitable tolling. The § 2255 motion therefore is time-barred.

### IV.

The files and records in this case conclusively show that the Movant is not entitled to relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Movant's claims under the *Slack* standard.

This Court denied Movant's application on the procedural grounds that it was barred by the statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings

must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Movant's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Movant a certificate of appealability.

    A judgment consistent with this opinion will be entered.


Date:    August 28, 2007         /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE